FILED
19 MAY -7 PM 3:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

ORDERED UNSEALED on 5/27/2022    s/ dominicf

~~SEALED~~
s/ dominicf

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

April 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALEXIS CASTILLO PADILLA,<br><br>Defendant. | Case No. **19 CR 1611 JAH**<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 1028A – Aggravated Identity Theft; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this indictment:

1.  Within the trucking industry, a freight broker ("broker") brokered loads of freight for interstate transportation on behalf of businesses desiring to transport their freight. The broker procured the services of an interstate motor carrier ("carrier") to perform the actual transportation of the freight.

2.  After reaching an agreement with the broker, the carrier transported the load of freight to its intended location.

3.  The broker was paid for its services by the business which owned the transported freight. Upon successful delivery of the freight, the broker paid the interstate carrier for its work.

BJKA:nlv(1):San Diego
5/7/19



### Counts 1-4
### 18 U.S.C. § 1343
### **WIRE FRAUD**

4. Introductory allegations 1 through 3 are realleged and incorporated by reference herein.

5. Beginning no later than April 2017 and continuing up to and through October 2017, within the Southern District of California and elsewhere, defendant ALEXIS CASTILLO PADILLA ("CASTILLO") knowingly and with the intent to defraud, devised a material scheme to defraud brokers and carriers and to obtain money from brokers and carriers by means of materially false and fraudulent pretenses, representations and promises.

### **METHOD AND MEANS**

6. It was part of the scheme to defraud that defendant Castillo falsely represented himself to be SIA Carriers. SIA Carriers was a legitimate interstate carrier in Spring Valley, California that Castillo did not work for or own. Posing as SIA Carriers, Castillo established an account with Coyote Logistics (Coyote), an Illinois-based broker.

7. It was further part of the scheme to defraud that defendant Castillo, posing as SIA Carriers, agreed to transport at least 122 loads of freight for Coyote.

8. It was further part of the scheme to defraud that rather than delivering the loads for Coyote as agreed, defendant Castillo posed as a shipper and hired brokers (Brokers B) to retain other carriers to deliver the loads; or posed as a broker and hired other carriers (Carriers B) to deliver the loads.

9. It was further part of the scheme to defraud that after the other carriers delivered the Coyote loads, defendant Castillo provided proof of delivery to Coyote or caused proof of delivery to be sent to Coyote. Coyote in turn paid Castillo a total of $249,036.

10. It was further part of the scheme to defraud that defendant Castillo kept most of Coyote's payment and did not pay, or paid only a small part of, the fee he owed to Brokers B or Carriers B. For example, Castillo did not pay one Ohio-based broker, Total Quality Logistics (TQL), approximately $186,427.39.

11. It was further part of the scheme to defraud that in posing as a shipper and establishing an account with TQL, Castillo provided fraudulent documents including a fraudulent corporate income tax return that named and contained the signature of O.V. as the "paid preparer." O.V. was an associate of Castillo who did not know Castillo had used his name or signature.

## EXECUTION OF THE SCHEME

12. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant CASTILLO, for the purpose of executing the above-described scheme to defraud, and to obtain money by means of material false and fraudulent pretenses, representations and promises, knowingly caused the following writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce:

| COUNT | APPROXIMATE DATE | WIRE: |
|---|---|---|
| 1 | 8-22-2017 | T-Chek in the amount of $1,100 paid to Nadia Madrigal. |
| 2 | 9-6-2017 | T-Chek in the amount of $1,200 paid to Nadia Madrigal. |
| 3 | 9-8-2017 | T-Chek in the amount of $1,105.92 paid to Nadia Madrigal. |
| 4 | 9-12-2017 | T-Check in the amount of $1,105.92 paid to Viridiana Delgadillo. |

All in violation of Title 18, United States Code, Section 1343.

### Count 5
### 18 U.S.C. § 1028A
### AGGRAVATED IDENTITY THEFT

13. Paragraphs 1 through 12 are realleged and incorporated by reference.

14. On or about June 27, 2017, within the Southern District of California and elsewhere, defendant ALEXIS CASTILLO PADILLA knowingly used, without lawful authority, a means of identification of another person, to wit: the name and signature of O.V., knowing that the means of identification belonged to another person, during and in relation to a violation of Title 18, United States Code, Section 1343, as set forth in Count 2 of this Indictment; in violation of Title 18, United States Code, Section 1028A.

### CRIMINAL FORFEITURE ALLEGATION

15. The allegations contained in Counts 1 through 4 are re-alleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

16. Upon conviction of one or more of the offenses alleged in Counts 1 through 4 of this indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendant ALEXIS CASTILLO PADILLA shall forfeit to the United States all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offenses.

17. If any of the above-described forfeitable property, as a result of any act or omission of said defendant -

//

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the Court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), which incorporates the provisions of Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: May 7, 2019.

ROBERT S. BREWER JR.
United States Attorney

By: *(signature)*
BENJAMIN J. KATZ
Assistant U.S. Attorney